# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

Ammar Harris,

          Plaintiff,

  v.

Steven Sisolak, *et al.*,

          Defendants.

Case No. 2:22-CV-01058-GMN-BNW

**ORDER**

    Before the Court is *pro se* Plaintiff Ammar Harris's Motion for Appointment of Counsel. ECF No. 21.[1] No opposition has been filed. Plaintiff moves under 28 U.S.C. 1915(e)(1), arguing that appointment of counsel is appropriate in this case. ECF No. 21 at 2. This Court finds that "exceptional circumstances" do not exist and will deny Plaintiff's motion.

**I.    Background**

    Mr. Harris alleges a Fourteenth Amendment due process claim in connection with restitution deductions from his prisoner account at High Desert State Prison ("HDSP"). ECF No. 7. Mr. Harris alleges that Defendants Steven Sisolak, Barbara Cegavske, Charles Daniels, William Reubart, and Calvin Johnson violated his Fourth Amendment due process rights by changing state policy or law regarding restitution deductions. According to Plaintiff's allegations, Defendants authorized an increase in restitution deductions from 10 percent to 50 percent. ECF *Id*. at 5. Plaintiff's amended complaint and attached exhibits allege that this increase resulted in a $700 deduction from Plaintiff's prison account following a $1,400 deposit from the United States Department of the Treasury.[2] Plaintiff asserts that this deduction was a seizure of private property in violation of his Constitutional rights. *Id*. at 6.

    Plaintiff now moves for appointment of counsel. ECF No. 21. Plaintiff alleges that the legal issues at hand are complex. *Id*. at 3. Plaintiff explains he is incarcerated, which limits his ability to investigate his claims. *Id*. He claims that the facts of the case are strongly disputed,

---

[1] A duplicate motion was filed at ECF No. 22.
[2] Plaintiff alleges this deposit was a stimulus payment authorized by the CARES Act. ECF No. 7 at 5.

cross examination will be required, the case will require expert witnesses, and his case is likely to involve a trial by jury or settlement. *Id.* Plaintiff also cites a physical disability that affects his verbal communication as reason to appoint counsel. *Id.*

## II. Legal Standard

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In certain circumstances, federal courts have discretion to request an attorney to represent an indigent civil litigant. Counsel should only be appointed under "exceptional circumstances." *Tilei v. McGuinness*, 642 F. App'x 719, 722 (9th Cir. 2016) (citation omitted).

To determine whether "exceptional circumstances" exist, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

### A. Mr. Harris's claim has a likelihood of success on the merits.

Articulation of a cognizable claim for relief may itself indicate a likelihood of success on the merits. *Tilei*, 642 F. App'x at 722 (citation omitted). Here, Mr. Harris has articulated a cognizable claim. Therefore, this factor weighs in favor of appointing counsel.

### B. In light of the legal issues involved, Mr. Harris is able to articulate his claim *pro se*.

Plaintiff states several difficulties he will face litigating his case *pro se*. However, none of these difficulties constitute "exceptional circumstances" to justify appointing counsel at this stage. Just because a plaintiff would benefit from the services of counsel does not mean there are grounds for the court to appoint counsel. *Hanson v. Pauli*, 2015 U.S. Dist. LEXIS 4966, *6 (D. Nev. 2015).

Plaintiff can articulate his claim *pro se* despite his alleged physical disabilities. Indeed, the docket reflects he has articulated claims for relief (surviving the screening process) and was

successful in a motion for reconsideration. Moreover, Plaintiff's filings show an ability to grasp the legal issues involved in his claim. Plaintiff organizes his motions to the Court appropriately and cites relevant case law. Additionally, HDSP has an on-site law library. Plaintiff may use this library to research his case, as he has presumably done thus far. Finally, Plaintiff's surviving Fourteenth Amendment claim is not legally complex. *Jones v. California*, 1992 U.S. App. LEXIS 1424, at *4 (holding that a plaintiff's Fourteenth Amendment due process claims were straightforward). Accordingly, the Court finds that Plaintiff is able to articulate his claim in light of its legal complexity. This factor, therefore, weighs against appointment of counsel.

While Plaintiff's claim may have merit, Plaintiff seems able to properly articulate his claim, and the claim is not particularly complex. For those reasons, this Court finds that "exceptional circumstances" do not exist at this juncture. This request will be denied.

### III.   Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel at ECF No. 21 is **DENIED**.

**IT IS FURTHER ORDERED** that the duplicate motion at ECF No. 22 is DENIED as moot.

DATED: July 31, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE